**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL EUGENE HARDY,

    Petitioner,

v.                                                                    CASE NO:  8:06-CV-599-T-30TGW
                                                                               Crim. Case No: 8:04-CR-167-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) and Memorandum in support (CV Dkt. #2) filed on April 7, 2006.  The Court has undertaken a preliminary review of the motion and Memorandum in support and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief.  Consequently, the Court needs no response from Respondent.

---

[1] See case number 8:04-cr-167-T-30TGW.

**Background**

Petitioner, MICHAEL EUGENE HARDY (hereinafter referred to as "Hardy" or "Petitioner") pled guilty pursuant to a written plea agreement to two Counts. Count One charged him with possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) and 924(e), and Count Two charged him with distribution of five grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C. §2.

Hardy's written plea agreement contains the following pertinent paragraphs:

A.2   Minimum and Maximum Penalties

Count One carries a mandatory minimum of imprisonment of fifteen years up to life, a fine of $250,000, a term of supervised release of not more than five years, and a special assessment of $100, said special assessment to be due on the date of sentencing.

Count Two carries a mandatory minimum of imprisonment of 10 years up to life, a $4,000,000 fine, a term of supervised release of eight years and a special assessment of $100, said special assessment to be due on the date of sentencing. (Enhanced penalty).

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

B.4.   Sentencing Guidelines and Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant

understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant agrees to have defendant's sentence determined under the sentencing guidelines, waives any constitutional challenge to the sentencing guidelines, waives indictment and trial by jury on all findings for sentencing, and stipulates that the Court may make all findings for sentencing and may make those findings by a preponderance of the evidence based upon any reliable evidence, including hearsay. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and the defendant understands how the guidelines are applicable to defendant's case. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding the potential application of the sentencing guidelines to defendant's case and any recommendation by the government are not binding on the Court and that, should any recommendations be rejected, and regardless of the guidelines calculated by the Court, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentencing guidelines or sentence, whether or not such decision is consistent with the government's recommendations contained herein.

B.5.     Appeal of Sentence; Waiver

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the grounds that any fact found by the Court for sentencing was not alleged in the indictment, was not admitted by the defendant, was not found by a jury, was not found beyond a reasonable doubt, or was found based upon evidence not admissible under the Federal Rules of

Evidence, and on any other ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. §3553(f) and USSG §5C1.2, except in the following situations: (a) an upward departure by the sentencing judge; (b) a sentence above the statutory maximum; or (c) a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742(b), then, except for the waiver of appeal on the grounds that the sentencing guidelines are in any respect unconstitutional and on the grounds that any fact found by the Court for sentencing was not alleged in the indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt, the waiver of which will remain in force, the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. §3742(a).

B.9.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

At the time of the events set forth in the indictment, the defendant had been convicted of the following crimes punishable by imprisonment for a term exceeding one year: Armed Robbery, Burglary of a Conveyance and Aggravated Battery, in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, in case number 2320 F, on or about March 20, 1989; Possession of Cocaine, in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, in case number 89-1101F, on or about August 15, 1989; Sale of a Fraudulent Substance and Possession of Cocaine, in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, in case number 91-2460F, on or about January 16, 1992; Sale of Cocaine and Possession with Intent, in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, in case number 89-3431F, on or about February 16, 1990; Sale of rock Cocaine, in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, in case number 91-3318F, on or about January 16, 1992; Throwing a Deadly Missile at an Occupied Vehicle, in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, in case number 93-1335F on or about August 16, 1993; Sale of Cocaine, in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, in case number 94-312F, on

or about March 30, 1994; and, Robbery With a Weapon, in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, in case number 95-2712F on or about April 11, 1996.

On December 10, 2003, at approximately 12:55 a.m., while on patrol, Manatee County Sheriff Officer Keith Sutton observed a black Dodge Intrepid impeding traffic with a person leaning in the passenger's window on 29th Ave Bradenton, Florida. He turned on his lights and conducted a traffic stop. The driver of the vehicle was the defendant. Officer Sutton returned to his car and wrote the defendant a warning ticket for stopping in the roadway. When he gave him the warning, he asked the defendant if he had anything illegal on him. The defendant stated "I'm going to be honest with you, I found a clip at the club." Officer Sutton asked him if it was on him and when the defendant said yes, told him not to put his hands in his pocket but to tell him where it was. The defendant pointed to his right pocket and at that time Officer Sutton pulled out a magazine containing six rounds of Winchester .380 caliber ammunition. The ammunition was not manufactured in the State of Florida and therefore traveled in interstate or foreign commerce.

A joint operation was being conducted with the Florida Department of Law Enforcement (FDLE), Saint Petersburg Police Department (SPPD) and Manatee County Sheriff's Office to buy cocaine from Tyree Bridges a/k/a Joey Dunlap. On September 23, 2003, agents conducted a buy/bust targeting Bridges in Palmetto, Florida. Detective Turner, SPPD, agreed to buy $1,600 worth of crack cocaine from Bridges.

Bridges arrived at the Burger King as a passenger in a vehicle driven by the defendant. Detective Turner entered the defendant's vehicle in the back passenger right side, counted out $1,600 in front of Bridges and the defendant and in turn Detective Turner got two clear sandwich baggies with crack cocaine. Manatee County Sheriff's Office Forensic Lab analysis results were that there was 30.576 cocaine base contained in the baggies.

The vehicle drove off and was stopped by law enforcement. The defendant was advised of his Miranda rights. He stated that the car was his wife's and gave consent for a search. The $1,600 buy money was in the center console. The defendant stated he was a crack cocaine user and that Bridges was his cocaine supplier. He stated he had picked up Bridges at the Budget Inn and then drove him to a Kash and Karry where Bridges met with Benji Ackerman and did a cocaine transaction. He then drove Bridges to the Burger King. The defendant admitted he was present during the cocaine transaction

with Detective Turner. The defendant also stated that Bridges had agreed to pay him a small amount of money or crack cocaine for the use of his vehicle.

Hardy did not file a direct appeal, but timely filed this §2255 motion asking this Court to vacate his sentence on the following grounds:

**Ground One:**   Counsel for Petitioner provided ineffective assistance of counsel in violation of Petitioner's Sixth Amendment rights.

   (1)   Counsel failed to ensure that Petitioner knew the actual minimum sentences he faced on Counts One and Two.

   (2)   Counsel failed to file a motion to suppress the ammunition found on Petitioner on December 10, 2003, and which led to Count One.

   (3)   Counsel failed to file a motion to suppress the statement Petitioner gave to local authorities on September 23, 2003.

**Discussion**

When he executed his plea agreement, Petitioner waived his right to challenge his sentence on the grounds he now seeks to raise. In paragraph B.5, Petitioner waived the right to appeal his sentence, directly or collaterally, except in very limited circumstances, none of which exist here. A waiver of the right to appeal "collaterally" encompasses the right to challenge a sentence in a §2255 proceeding. See Williams v. United States, 396 F.3d 1340 (11th Cir. 2005). The appeal waiver is enforceable against a claim of ineffective assistance of counsel unless the ineffective assistance claim relates directly to the negotiation of the waiver itself. See Id.

It is well settled that sentence-appeal waivers are valid if made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993). A waiver will be

enforced if either of the following circumstances exists: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows the defendant otherwise understood the full significance of the waiver. <u>United States v. Benitez-Zapata</u>, 131 F.3d 1444 (11th Cir. 1997).  Here, the Court specifically questioned the defendant and explained the appeal waiver provision.  The following colloquy took place:

> THE COURT: I also want to emphasize paragraph five.  First, I will tell you that even though you are pleading guilty, you have a right to appeal your sentence; but under paragraph five, you limit the extent to which you can appeal your sentence.
>
> First, with respect to the guideline calculation, you can appeal that.  You are limited and can only appeal if there is an upward departure by the sentencing judge, a sentence above the statutory maximum, and a sentence that violates the law apart from the sentencing guideline, but you cannot appeal the way the Court calculates the sentencing guidelines.  Do you understand that?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   And, furthermore, you cannot come back to this Court later, at some other time, and complain about the calculation either.  Do you understand that?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   Do you have any question about that part of it?
>
> THE DEFENDANT:   No, sir.
>
> THE COURT:   Now, this paragraph also contains some limitation on raising challenges to the constitutionality of the guidelines.  There's a case called <u>Blakley</u>.  Has your lawyer discussed that case with you?
>
> THE DEFENDANT:   Yes, sir.

> THE COURT: And <u>Blakley</u> may or may not have indicated that the federal sentencing guidelines are not valid.
>
> And the Supreme Court, in fact, has already at the beginning of the month heard argument on the issue of whether or not the guidelines are valid; but by agreeing to this provision in this plea agreement, you agreed to give up any challenge that the guidelines are invalid, because they're unconstitutional or requires certain procedures. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You have any question about that?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: And are you agreeing to the provision in paragraph five freely and voluntarily as part of this plea agreement?
>
> THE DEFENDANT: Yes, sir.

(Transcript of guilty plea hearing, pp. 57-59, CR Dkt. #109.)

Because Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence on the grounds he asserts in this §2255 proceeding, his motion will be summarily denied. But, even if Petitioner had not waived his right to attack his sentence on these grounds, his arguments would still fail for other reasons. The Court will address each of the three arguments in turn.

> (1) Counsel failed to ensure that Petitioner knew the actual minimum sentences he faced on Counts One and Two.

Petitioner contends that:

[C]ounsel failed to ensure that Petitioner knew the actual minimum sentences he faced on Counts One and Two. When Petitioner pled guilty to a two-count superseding indictment on October 19, 2004, before United States Magistrate Judge Thomas G. Wilson, pursuant to a written plea agreement, he was

informed of the statutory minimum and maximum sentences for each of the two offenses. For Count One, possession of ammunition by a convicted felon, in violation of 18 U.S.C. §922(g)(1) and §924(e), Petitioner was informed that he faced a sentence of fifteen years to life. For Count Two, distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B), Petitioner was informed that he faced a sentence of ten years to life.

Petitioner then argues that, even though he was informed by the Court of the statutory minimum sentences, he did not know that he faced greater sentences under the sentencing guidelines because he would be classified as an armed career criminal for Count One and a career offender for Count Two. Petitioner claims these guideline applications increased his sentencing range to 262-327 months. He then claims that he would not have pled guilty had he known that he "faced minimum sentences of 262 months, and not the minimum sentences in which he had been advised he faced at his Rule 11 hearing for Counts One and Two."

This argument fails for several reasons. First, it does not assert that the sentence was "above the statutory maximum." It therefore comes within the appeal waiver language of the plea agreement. United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005).

Second, Petitioner specifically acknowledged in his written plea agreement that the application of the sentencing guidelines would be determined solely by the Court with the assistance of the United States Probation Office, and that any discussion he may have had with his attorney regarding the potential application of the sentencing guidelines to his case would not be binding on the Court. Further, Petitioner agreed that, regardless of the guidelines calculated by the Court, he would not be permitted to withdraw his guilty plea.

Third, during his guilty plea hearing, the Court specifically explained that no one connected with the Court had yet calculated the guideline range and any idea that he may have been given about the guideline range would only be an estimate, and if the guideline range turned out to be less favorable, he would not have a right to withdraw his guilty plea. Specifically, the Court said:

> THE COURT: These offenses fall under the federal sentencing guidelines. Have you had a chance to discuss, at least in general, the sentencing guidelines with your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you understand the object of the guidelines is to come up with a guideline range, which is a range of months. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And there's a chart that shows offense levels down the side and criminal history across the top is there's a lot of numbers. Have you ever seen that chart?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And so the object of the guidelines is to find out where on that chart your situation falls. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, I want to emphasize at this point, no one connected with the Court has calculated the guideline range in your case. That step in the process has just not yet been reached.
>
> So if your lawyer, or somebody, has given you an idea of what they think the guideline range might be at this point, that's only an estimate. Do you understand that?

>        THE DEFENDANT:   Yes, sir.
>
>        THE COURT:   And if at the time of sentencing, the sentencing guideline range – and therefore, your sentence – turns out to be less favorable than you hoped, you would not have a right to withdraw your plea of guilty. Do you understand that?
>
>        THE DEFENDANT:   Yes, sir.
>
>        THE COURT:   In other words, you can't go through the sentence process, wait and see what your guideline score is under the – in the probation report or go to sentencing, see what you get, and then say, I want to withdraw my plea of guilty.  You can't do that.
>
>        Do you understand you don't have a right to do that?  Do you understand that?
>
>        THE DEFENDANT:   Yes, sir.
>
>        THE COURT:   Do you have any questions about that?
>
>        THE DEFENDANT:   No, sir.

(Transcript of guilty plea, pp. 46-48, CR Dkt. #109.)

Fourth, Petitioner was not prejudiced, one of the prongs he acknowledges he must meet under Strickland to be successful.  See Strickland v. Washington, 466 U.S. 668 (1981). Petitioner was not prejudiced because, even though the sentencing guidelines called for a range of 262 to 327 months, this Court departed downward and actually sentenced Petitioner to the statutory minimum of fifteen years.  That is, this Court gave Petitioner the lowest sentence legally possible under the statute.  If Petitioner's motion to vacate his sentence were granted, and this Court were to sentence him again, it could only sentence him to fifteen years or higher.

For all of these reasons, in addition to the appeal waiver, this argument will be rejected.

(2) Counsel failed to file a motion to suppress the ammunition found on Petitioner on December 10, 2003, and which led to Count One.

In this ground, Petitioner argues that his counsel was ineffective for failing to file a motion to suppress the ammunition found on his person. Specifically, he states:

> The first counsel appointed to represent Petitioner was preparing to file a motion to suppress the ammunition found on Petitioner, but federal public defender Frank W. Zaremba was replaced by Thomas Ostrander after it was determined that a potential witness against Petitioner, Tyree Bridges, was also being represented by the federal public defender office. Attempts by Petitioner to get Ostrander to file a motion to suppress failed (sic) on deaf ears, and Ostrander failed to file the motion.

Petitioner contends that the discovery of the ammunition was in violation of his Fourth Amendment rights against unreasonable searches and seizures.

To prevail on an ineffective assistance of counsel claim, Petitioner must show that counsel's performance was both deficient and that the deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. <u>Strickland</u> at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u> at 694. Petitioner does not satisfy either of these prongs.

Given the facts to which Petitioner admitted in his written plea agreement, a motion to suppress would have been unsuccessful. It is not ineffective assistance of counsel to not

make an obviously meritless argument. U. S. v. Roquemore, 934 F. Supp. 1391 (M.D. GA 1996). That is, the performance was not deficient.

Further, in paragraph B.9 of his plea agreement, Petitioner agreed that the government would be able to prove at trial all the facts set forth in his plea agreement. Proof of those facts most likely would have resulted in a guilty verdict and Petitioner's outcome would have been worse, not better. By pleading guilty, he got the benefit of a three point reduction for acceptance of responsibility. Therefore, Petitioner has not shown that there is a reasonable probability that the outcome would have been different or better and he has failed to prove the deficiency prong. For these reasons, in addition to his waiver of his right to collaterally attack his sentence, this argument will be rejected.

>   (3)   Counsel failed to file a motion to suppress the statement Petitioner gave to local authorities on September 23, 2003.

In this ground, Petitioner argues that his counsel was ineffective for not filing a motion to suppress his statements given to law enforcement officers after having been advised of his Miranda rights. In those statements, Petitioner acknowledged that Bridges paid Petitioner (with either cash or crack cocaine) to drive him around to his various cocaine transactions. For all the reasons set forth above concerning the motion to suppress the ammunition, a motion to suppress these statements too would have failed. Counsel's performance was neither deficient nor prejudicial to the ultimate outcome of this case. Therefore, this argument must be rejected.

## Conclusion

Because Petitioner waived his right to collaterally attack his sentence with the arguments he has included in this motion, and because his arguments are otherwise meritless, his §2255 motion to vacate sentence must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at CR Dkt.#107, in the underlying criminal case, case number 8:04-cr-167-T-30TGW.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2006.

_JAMES S. MOODY, JR._
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-599.deny 2255.wpd