UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL EUGENE HARDY,

    Petitioner,

v.                                                CASE NO. 8:06-CV-599-T-30TGW
                                                    CRIM. CASE NO. 8:04-CR-167-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner has filed a Notice of Appeal (CV Dkt. 13) of this Court's decision dismissing his Motion Seeking Relief from Final Judgment, which the Court construed as a second motion for relief under 28 U.S.C. § 2255 (CV Dkt. 12). The Court construes Petitioner's Notice of Appeal as an application for a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (CV Dkt. 14), *see Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Petitioner also filed an Affidavit of Indigency in support of his motion for leave to proceed on appeal *in forma pauperis* (CV Dkt. 15).

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

The Court dismissed Petitioner's motion as an unauthorized second or successive § 2255 motion.  When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling to obtain a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam). Petitioner has failed to make this threshold showing.  *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Notice of Appeal, which is construed as an application for issuance of a certificate of appealability (CV Dkt. 14), is **DENIED**.

2. Petitioner's motion for leave to proceed on appeal *in forma pauperis* (CV Dkt. 15) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 28, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner pro se
Counsel of Record